Thomas A. Saenz (Cal. Bar No. 159430)
Luis L. Lozada (Cal. Bar No. 344357)
MEXICAN AMERICAN LEGAL DEFENSE
AND EDUCATIONAL FUND
634 South Spring Street, 11th Floor
Los Angeles, CA 90014
Telephone: (213) 629-2512
Facsimile: (213) 629-0266
Email: tsaenz@maldef.org
       llozada@maldef.org

*Attorneys for Plaintiff
and the Proposed Class*

UNITED STATES DISTRICT COURT

DISTRICT OF COLORADO

| | |
|---|---|
| ROBERTO ROCA HERNANDEZ, an individual, on behalf of himself and all others similarly situated,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>KEYBANK N.A. d/b/a GRADFIN<br><br>　　　　　　　　　　　Defendant. | Case No.:<br><br>**COMPLAINT FOR VIOLATIONS OF 42 U.S.C. § 1981; INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES**<br><br>**CLASS ACTION** |

Plaintiff Roberto Roca Hernandez ("Plaintiff" or "Plaintiff Roca Hernandez"), individually and on behalf of all others similarly situated, by his attorneys makes the following allegations, based on information and belief, against Defendant KeyBank N.A. d/b/a GradFin ("Defendant" or "GradFin"):

## INTRODUCTION

1. Defendant GradFin follows a policy of denying full access to credit products and refinancing services to applicants on the basis of their alienage, including those who have Deferred Action for Childhood Arrivals ("DACA") status.

2. Plaintiff Roca Hernandez and members of the Class he seeks to represent were and are unable to access Defendant's credit products and refinancing services because of their alienage. Plaintiff brings this case against GradFin for unlawful discrimination in violation of the Civil Rights Act of 1866, as codified at 42 U.S.C. § 1981 ("Section 1981").

3. Defendant's violations have inflicted harm on Plaintiff, and the Class he seeks to represent, including but not limited to, access to credit products and refinancing with unfavorable terms and conditions, and emotional distress.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's Section 1981 claims under 28 U.S.C. § 1331. This Court is also empowered to issue a declaratory judgment by 28 U.S.C. §§ 2201 and 2022.

5. Venue is proper in the District of Colorado under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this District.

/ / /

/ / /

/ / /

## PARTIES

**Plaintiff**

6. Plaintiff Roberto Roca Hernandez is a resident of Denver, Colorado and has lived in the United States since 1996. He arrived in the United States from Mexico when he was four years old. He currently works as a veterinarian in Denver, Colorado.

7. Plaintiff Roca Hernandez has been a DACA recipient since 2012. As part of the DACA initiative, Plaintiff Roca Hernandez received authorization to work in the United States and a social security number. Plaintiff Roca Hernandez resided in Denver on the date that he applied for student loan refinancing from Defendant and was unlawfully denied.

8. Defendant subjected Plaintiff and members of the Class that he seeks to represent to discrimination in violation of federal law as described in this Complaint.

**Defendant**

9. In May 2022, KeyBank N.A. acquired GradFin.

10. GradFin maintains an office at 2595 Interstate Drive, Suite 103, Harrisburg, Pennsylvania 17110.

11. GradFin offers financial products and services, including student loans, personal loans, mortgages, and credit cards. GradFin also offers student loan forgiveness consultations and student loan refinancing.

## STATEMENT OF FACTS

12. Plaintiff Roca Hernandez brings this action on behalf of himself and members of the proposed Plaintiff Class. The class seeks damages, declaratory judgment, and injunctive relief.

13. Plaintiff Roca Hernandez is a recipient of DACA since 2012. Since that time, he has continuously possessed an employment authorization card and a social security number.

14. In 2016 and 2017, Plaintiff Roca Hernandez received private student loans with interest rates of 7% and 11% from College Ave to finance his veterinary school education.

15. In December 2022, Plaintiff Roca Hernandez contacted GradFin for a student loan consultation and for refinancing his private student loans.

16. On December 22, 2022, GradFin student loan consultant, Shawn Atienza, emailed Plaintiff Roca Hernandez, informing him that "our lenders would not be able to refinance your student loans unless you are a US citizen or Permanent Resident."

17. GradFin denied the opportunity for Plaintiff Roca Hernandez to refinance his private student loans through its network of lenders and concomitantly denied Plaintiff its consulting services.

18. Following the denial of his student loan refinancing application, Plaintiff Roca Hernandez has been unable to refinance his private student loans. Plaintiff Roca Hernandez has not applied for any credit product or refinancing services from GradFin since the denial.

19. Plaintiff Roca Hernandez suffered harm from GradFin's denial of his student loan refinancing application on the basis of his alienage and from GradFin's denial of its services. This denial caused Plaintiff Roca Hernandez to feel the deleterious effects of discrimination and to suffer harm, including actual damages, emotional distress, and negative effects of being unable to refinance his private student loans with more favorable terms and lower interest rates.

20. GradFin's denial of Plaintiff Roca Hernandez's application because of its limited and arbitrary alienage requirement violates 42 U.S.C. § 1981.

21. There is an actual and substantial controversy between Plaintiff and GradFin.

## **CLASS ACTION ALLEGATIONS**

22. Plaintiff Roca Hernandez incorporates by reference the allegations raised in all preceding paragraphs.

23. Plaintiff Roca Hernandez brings this action on behalf of himself and all others similarly situated under Rule 23 of the Federal Rules of Civil Procedure as a nationwide class.

24. Plaintiff Roca Hernandez seeks to represent the following Class, composed of, and defined, as follows:

> All persons who resided in the United States at the relevant time they applied for or attempted to apply for a credit or refinancing product from GradFin but were denied full and equal consideration by GradFin on the basis of alienage or lack of U.S. citizenship.

25. Plaintiff Roca Hernandez may amend the above class definitions as permitted or required by this Court. This action has been brought and may be properly maintained as a class action under the provisions of Rule 23 of the Federal Rules of Civil Procedure because all of the prerequisites for class treatment are met.

**Rule 23(a)(1) – Numerosity**

26. The potential members of the above Class as defined are so numerous that joinder would be impracticable.

27. The Class is an ascertainable group that, on information and belief, consists of at least dozens of individuals.

28. With discovery, the size of the Class will be ascertainable. The names and addresses of potential Class Members are available to Defendant.

29. Notice can be provided to the potential Class Members via first class mail using techniques and a form of notice similar to those customarily used in class-action lawsuits.

**Rule 23(a)(2) – Common Questions of Law and Fact**

30. There are questions of law and fact common to the Class that predominate over any questions affecting only Plaintiff Roca Hernandez or any other individual Class Members. These common questions of law and fact include, without limitation:

- 4 -
**CLASS ACTION COMPLAINT**

      a.      Whether it is GradFin's policy or practice to reject applicants for credit or refinancing products on the basis of alienage;

      b.      Whether GradFin violated 42 U.S.C. § 1981 by denying the full and equal right to contract to Plaintiff Roca Hernandez and the Class on the basis of alienage;

      c.      Whether Plaintiff Roca Hernandez and the Class Members are entitled to declaratory, injunctive, and other equitable relief; and

      d.      Whether Plaintiff Roca Hernandez and the Class Members are entitled to damages and any other available relief.

**Rule 23(a)(3) – Typicality**

31. Plaintiff Roca Hernandez's claims are typical of the claims of the Class. Plaintiff Roca Hernandez and all Class Members sustained injuries and damages arising out of and caused by Defendant's common course of conduct and common policies in violation of Federal law, regulations, and statutes as alleged here.

32. Plaintiff Roca Hernandez's claims are representative of and co-existent with the claims of Class Members.

**Rule 23(a)(4) – Adequacy of Representation**

33. Plaintiff Roca Hernandez will fairly and adequately represent and protect the interests of Class Members. Plaintiff Roca Hernandez is a member of the Class, does not have any conflicts of interest with other Class Members, and will prosecute the case vigorously on behalf of the Class.

34. Plaintiff Roca Hernandez has retained counsel competent and experienced in complex litigation and discrimination class actions.

/ / /

/ / /

**Rule 23(b)(2) – Declaratory, Equitable, and Injunctive Relief**

35.  Class certification is appropriate because GradFin has acted and/or refused to act on grounds generally applicable to members of the Class. GradFin's actions make appropriate declaratory, equitable, and injunctive relief with respect to Plaintiff Roca Hernandez and the Class Members as a whole.

36.  GradFin excludes Class Members from credit or refinancing products and its services on the basis of alienage. The Class Members are entitled to declaratory, equitable, and injunctive relief to end GradFin's common, unfair, and discriminatory policies.

**Rule 23(b)(3) – Superiority of Class Action**

37.  A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual Class Members. Each Class Member has been injured and is entitled to recovery by reason of Defendant's unlawful policies and practices of discrimination on the basis of alienage and of denying full and equal access to Defendant's services.

38.  No other litigation concerning this controversy has been commenced by or against Class Members.

39.  Class-action treatment will allow similarly-situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. It is unlikely that individual Class Members have any interest in individually controlling separate actions in this case.

40.  Plaintiff Roca Hernandez is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action. The benefits of maintaining this action on a class basis far outweigh any administrative burden in

managing the class action. Conducting the case as a class action would be far less burdensome than prosecuting numerous individual actions.

### FIRST CLAIM FOR RELIEF
**Alienage Discrimination**
**(42 U.S.C. § 1981)**

41. Plaintiff Roca Hernandez incorporates by reference the allegations raised in all preceding paragraphs.

42. Plaintiff brings this claim on his own behalf and on behalf of the Class.

43. Plaintiff Class Members are persons within the jurisdiction of the United States.

44. Plaintiff and Class Members are aliens.

45. Plaintiff Roca Hernandez and Class Members have the right to make and enforce contracts in the United States and are entitled to the full and equal benefits of the law.

46. Defendant conducts business in the United States and is obligated to comply with the provisions of 42 U.S.C. § 1981.

47. Defendant intentionally discriminated against Plaintiff Roca Hernandez and members of the Class on the basis of alienage by denying them the opportunity and access to a full review of their applications for credit products and GradFin services.

48. Defendant intentionally discriminated against Plaintiff Roca Hernandez and members of the Class by interfering with their right to make and enforce contracts on the basis of alienage.

49. As a result of Defendant's policy and practice that denies applicants on the basis of alienage, Plaintiff Roca Hernandez and Class Members have suffered harm, including economic losses and emotional distress, in an amount to be determined at trial.

50. Plaintiff Roca Hernandez and Class Members have no plain, adequate, or complete remedy at law to redress the wrongs alleged here. Plaintiff Roca Hernandez and Class Members

request that the Court issue a permanent injunction ordering Defendant to alter its policies and practices to prevent future discrimination on the basis of an applicant's alienage and to prevent further violations of 42 U.S.C. § 1981.

51.     Plaintiff Roca Hernandez and Class Members are now suffering, and will continue to suffer irreparable injury from GradFin's discriminatory acts and omissions.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Roca Hernandez and the Class he seeks to represent respectfully request the following relief:

i.   Certification of the case as a class action on behalf of the proposed Class Members in the Class;

ii.  Designation of Plaintiff as the class representative on behalf of the Class;

iii. Designation of Plaintiff's counsel of record as Class Counsel;

iv.  Declaratory judgment that Defendant's policies and practices set forth here are unlawful and violate 42 U.S.C. § 1981;

v.   Preliminary and permanent injunction against Defendant and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful policies and practices set forth here and described in preceding paragraphs;

vi.  Award of compensatory damages to Plaintiff Roca Hernandez and Class Members in an amount to be determined at trial;

vii. Costs incurred, including reasonable attorneys' fees and costs to the extent allowable by law;

viii. Pre-judgment and post-judgment interest, as provided by law; and

ix.  For such other and further relief as this Court deems just and proper.

1 | Dated: November 21, 2024

Respectfully submitted,

*/s/ Luis L. Lozada*

Luis L. Lozada
Thomas A. Saenz
MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND
634 South Spring Street, 11th Floor
Los Angeles, CA 90014
Telephone: (213) 629-2512
Facsimile: (213) 629-0266
Email: tsaenz@maldef.org
         llozada@maldef.org

*Attorneys for Plaintiff
and the Proposed Class*

- 9 -
**CLASS ACTION COMPLAINT**